IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | NO. 11-564-13 |
| MALANI SANDERS | : | |

<u>MEMORANDUM</u>

Bartle, J.                                         September 15, 2020

The Court has before it the emergency motion of defendant Malani Sanders for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

On October 6, 2011, a grand jury in the Eastern District of Pennsylvania returned a 69-count Superseding Indictment charging Malani Sanders and others with various drug related crimes. Specifically, Sanders was charged with conspiracy to distribute 280 grams or more of cocaine base, 500 grams or more of cocaine, heroin, marijuana, oxycodone, and alprazolam, in violation of 21 U.S.C. § 846 (Count One); and unlawful use of a communication facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b) (Count 20). On May 24, 2012, a jury convicted defendant of conspiracy (Count One) but acquitted on the other charge.

On January 22, 2013, this Court sentenced defendant to 216 months imprisonment to be followed by four years of

supervised release.  Defendant is currently serving his sentence at the Allenwood Low Federal Correctional Institution in Pennsylvania with an estimated release date of March 9, 2029.

II

Defendant's emergency motion for compassionate release relies on section 3582(c)(1)(A) as recently amended by the First Step Act.  It provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>    (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>       (i)   extraordinary and compelling reasons warrant such a reduction
>           . . .
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant has exhausted his administrative remedies, and we turn first to the elements that a defendant must meet under section 3582(c)(1)(A)(i) to obtain a reduction in sentence. It provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is: (1) "suffering from a terminal illness" including among others "advanced dementia"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the

3

ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

### III

Defendant asserts that compassionate release should be granted because the coronavirus pandemic presents extraordinary and compelling reasons for a reduction of his current sentence. Specifically, defendant contends that he "faces possible [] likely infection and potential death in prison" and that his health risks can be "mitigated by immediate release." Defendant also argues that his "life is in danger" because an inmate was recently transferred to Allenwood Low, who has tested positive for COVID-19. With respect to the pandemic, defendant provides information about the potential dangers to those in prison facilities who cannot engage in the social distancing or take other salutary measures necessary to mitigate the spread of coronavirus. He requests an order "directing him to serve the remainder of his prison sentence in home confinement with electronic monitoring [and] permission to work from probation."[1]

---

[1] To the extent defendant seeks to be released early into home confinement under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), ("CARES Act") courts do not have the authority to review decisions of the Bureau of Prisons ("BOP"). This discretion rests with the Attorney General and the BOP. United States v. Mansaray,

The Government opposes defendant's motion. It argues that defendant does not present a medical condition that places him at enhanced risk during the current pandemic. It also maintains that, if released, defendant presents a danger to the community. It asserts that defendant does not have any underlying health conditions that would make him eligible for compassionate release and, that he is "fully oriented, ambulatory, and engages in all normal activities of daily living."

According to Bureau of Prisons health records, defendant is 43 years old and has a body mass index of 28.9. When defendant first arrived to Allenwood Low in January 2019, there was no indication that he suffered from seizures, any cardiovascular disease, hypertension, allergies, cancer, or any respiratory issues. Nothing in his current medical record suggests that his circumstances have changed. While incarcerated, defendant has been treated for cavities and fitted for eyeglasses. Defendant does not assert a specific health condition that puts him at any greater risk of serious illness or death if he contracts the disease as compared to any other member of the population.

---

Criminal Action No. 13-236, 2020 WL 3077184, at *1 (E.D. Pa. June 10, 2020).

The Court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for the defendant and all others in prison. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The Bureau of Prisons, including Allentown Low, has in place protocols to deal with this disease and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates, which it is following.

Based on the current record, defendant has not established that he has any health condition that constitutes a serious medical impairment as defined in the Sentencing Guidelines. The serious medical condition under the Sentencing Guidelines must be an impairment which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Defendant clearly does not meet this requirement.

Even if he has the requisite serious medical condition, the Court's analysis does not end here. Section 3582(c)(1)(A) requires the Court to consider the "factors set forth in section 3553(a) to the extent they are applicable"

before the Court may reduce his sentence.  These factors include the need to: "reflect the nature and circumstances of the offense and the history and characteristics of the defendant"; "reflect the seriousness of the offense"; "promote respect of the law"; and "afford adequate deterrence to criminal conduct."

In this regard, the Court cannot ignore the seriousness of defendant's criminal history.  As noted before, defendant was found guilty of conspiracy to distribute cocaine, heroine, marijuana, and oxycodone.  Defendant's arrest stemmed from his involvement in a violent drug distribution organization led by his brother.  During the time of his crimes, defendant and his brother operated their drug business from a federally subsidized housing development in the Queen Village section of Philadelphia.  Defendant's Presentence Investigation Report further details a history of criminal activity, including a gun point robbery, possession with intent to distribute cocaine, and assault of a police officer.  He was a career offender under the sentencing guidelines.  His crimes are of a serious nature and underscore the danger defendant poses to the community. Defendant has not provided any evidence to suggest otherwise. While defendant has served approximately 83 months thus far for his crimes, there is still a substantial amount of time remaining in his 216-month sentence.  Releasing defendant now would cut his current sentence by more than half and would not

appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct.  See section 3553(a).

　　　　The Court, taking all the relevant facts into account, finds that defendant Malani Sanders has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release.  Accordingly, the Court will deny the emergency motion of defendant for compassionate release under 18 U.S.C. § 3582(c)(1)(A).