IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| MALANI SANDERS | : | NO. 11-564-13 |

MEMORANDUM

Bartle, J.                                                           January 17, 2023

        Defendant Malani Sanders moves for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). That provision provides in relevant part that "the court . . . upon motion of the defendant [after defendant has exhausted certain administrative remedies] may reduce the term of imprisonment . . . after considering the factors set forth in § 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . ."[1]

        On May 12, 2012, defendant was convicted by a jury of conspiracy to distribute 280 grams or more of cocaine base and 500 grams or more of other controlled substances in violation of 21 U.S.C. § 846. Defendant had been involved in a violent drug trafficking organization headed by his brother Mayoshi Sanders which operated in the Queen Village section of Philadelphia.

---

1. There is no dispute that defendant has exhausted his administrative remedies with the Bureau of Prisons.

The Court found him to be a career offender as a result of his criminal history and sentenced him on January 18, 2013, to a term of imprisonment of 216 months to be followed by four years of supervised release.  His anticipated release date is March 9, 2029.  Defendant now asserts that his sentence should be reduced because he was "not a major player" in the conspiracy and was improperly sentenced as a career offender.

The Court of Appeals in the United States v. Andrews, 12 F.4th 255 (3d Cir. 2021), precludes any relief to defendant under § 3582(c)(1)(A)(i).  The Court explained, "The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance. . . .  Indeed, the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence." Id. at 260-61.  (citations and internal quotation marks omitted).  The Court further ruled that nonretroactive changes to the sentencing law do not present a basis for relief under the First Step Act.  Id. at 261.  While the law has recently changed with respect to what prior offenses may be considered in determining career offender status, that change is not retroactive. See United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc); United States v. Walker, No. 22-2505, 2022 WL 17984870, at *2 (3d Cir. Dec. 29, 2022) (per curiam).

The defendant's reliance on Concepcion v. United States, 142 S. Ct. 2389 (2022), is misplaced. That decision simply holds that when a defendant is subject to being resentenced under the First Step Act, the district court may then take into account changes in the law or fact in exercising its sentencing discretion. The Supreme Court did not authorize the district court to resentence a defendant under the circumstances presented here. See Walker, 2022 WL 17984870, at *2; United States v. Bledsoe, No. 22-2022, 2022 WL 3536493, at *2 (3d Cir. Aug. 18, 2022).

The defendant's sentence is lawful, and there is no extraordinary and compelling ground for disturbing its finality. Defendant's motion for modification of his sentence will be denied.